UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY  DIVISION

JOHN M. HUBBARD,                          )
          Plaintiff,                          )
                                  )
       vs.                                     )          4:07-cv-9-SEB-WGH
                                  )
CAROL J. BADER,                           )
          Defendant.                        )

**ENTRY ON PLAINTIFF'S MOTION TO STRIKE AND PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

      This matter is before the Court on Plaintiff's Motion for Partial Summary

Judgment [Docket No. 34], filed on March 19, 2008, pursuant to Rule 56 of the Federal

Rules of Civil Procedure and Local Rule 56.1.  Plaintiff, John M. Hubbard, brings his

claim against Defendant, Carol J. Bader, for damages stemming from injuries he

sustained as the result of an automobile accident.  In her Answer [Docket No. 10], Ms.

Bader raises an affirmative defense under the Indiana Comparative Fault Act, Ind. Code §

34-51-2-1 *et seq*., alleging that a number of non-party entities are partially at fault for the

motor vehicle accident that is the subject of this lawsuit.

      Mr. Hubbard argues that he is entitled to summary judgment with respect to Ms.

Bader's affirmative defense because she has presented no admissible evidence to support

her contentions.  In support of his argument, Mr. Hubbard subsequently filed his Motion

to Strike [Docket No. 46] on April 25, 2008, in which he requests that a number of

exhibits relied upon by Ms. Bader in her responsive briefing be stricken as inadmissible.

For the reasons detailed in this entry, we <u>GRANT</u> Mr. Hubbard's Motion to Strike Exhibit G and <u>GRANT IN PART</u> Mr. Hubbard's Motion for Partial Summary Judgment as to the Washington County Highway Department, Ms. Allen, and Mr. Hubbard.  We shall <u>STAY</u> a ruling on Mr. Hubbard's Motion to Strike Exhibits B through F and Mr. Hubbard's Motion for Partial Summary Judgment as to INDOT in order to provide Ms. Bader the opportunity to properly authenticate her remaining proffered exhibits within seven days.

## **Factual Background**

On February 5, 2005, Mr. Hubbard was a passenger in a 2002 Ford Explorer operated by Brenda G. Allen.  Ms. Allen was driving her motor vehicle eastbound on U.S. Highway 150 ("Highway 150"), in Washington County, Indiana.  On that same day, Ms. Bader was operating a 1998 Toyota Camry southbound toward the intersection of West Washington School Road and Highway 150, in Washington County, Indiana.  While Ms. Allen was proceeding eastbound on Highway 150 through the intersection at West Washington School Road, a collision occurred between her vehicle and the vehicle operated by Ms. Bader.  Compl. ¶¶ 4-6.  According to Mr. Hubbard, as a result of the accident, he suffered damages related to bodily injuries, pain and suffering, and medical expenses.  <u>Id.</u> ¶ 9.

In her deposition, taken on October 5, 2007, Ms. Bader conceded that the cause of the collision was "partially [her] failure to yield."  Bader Dep. at 33.  However, she also

2

contributed part of the cause of the collision to the condition of the road at the time of the

accident.  <u>Id.</u>  In her response to Interrogatory Number 11 of Mr. Hubbard's First Set of

Interrogatories, Ms. Bader stated that:

> **<u>Interrogatory Number 11</u>:** If you contend that any object or thing
> contributed in any way to the incident in question, state: a full description of
> each object or thing and explain in detail how each object or thing
> contributed to the incident.
>
> **<u>Answer</u>:** Highway 150 used to have a very bad dip in the road just west of
> where S.W. Washington School Road intersects Highway 150.  It was
> extremely hard to see vehicles in that dip and there had been quire [sic] a
> few accidents at that location, per the officer that came to the scene and per
> the people that lived in front of where the accident occurred.  A few months
> after the accident, the State did quite a bit of roadwork in that stretch of
> road.  This work eliminated the blind spot in the dip, made a pull off lane on
> each side of the road – a little before the intersection and a little after the
> intersection.

Bader's Resp. to Interrog. No. 11.

On January 19, 2007, Mr. Hubbard filed his complaint in this action against Ms.

Bader.  On March 9, 2007, Ms. Bader filed her answer to the complaint in which she

raises a "Second Defense" that names the Indiana Department of Transportation and the

Washington County Highway Department as non-party defendants to this action.  Ans. at

2.  As part of the summary judgment pleadings, Mr. Hubbard moved to strike Ms. Bader's

exhibits filed in response to the motion for summary judgment and contends that he is

entitled to partial summary judgment because Ms. Bader has failed to present any

admissible evidence in support of her affirmative defense.

## Legal Analysis

Ms. Bader claims relief under the Indiana Comparative Fault Act ("ICFA"), Ind.
Code § 34-51-2-1 *et seq.*,[1] alleging that the Indiana Department of Transportation
("INDOT") should be held partially at fault for the automobile accident which is the
subject of this lawsuit.[2]  According to Ms. Bader, at the time of the collision, the
intersection at which the accident occurred did not comply with the State of Indiana's
standards.  Ms. Bader further contends that, although INDOT had been aware of visibility
problems associated with the intersection years before the February 5, 2005, collision, it
failed to address the condition until four months after the accident at issue and that
INDOT's failure to correct the known visibility deficiencies was a contributing factor in
the accident.

Mr. Hubbard has moved to strike the exhibits Ms. Bader filed in response to his
summary judgment motion, arguing that they are inadmissible hearsay and thus cannot be
relied upon by Ms. Bader.  Further, Mr. Hubbard contends that, because Ms. Bader has

---

[1] The ICFA provides that, "[i]n an action based on fault, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery except as provided in § 6 of this chapter."  Ind. Code § 34-51-2-5.

[2] In her Answer, Ms. Bader named Mr. Hubbard, Ms. Allen, and the Washington County Highway Department as additional entities to be held at fault for the accident.  However, in her responsive briefing on this motion, Ms. Bader withdrew her affirmative defense regarding fault as to Mr. Hubbard and the Washington County Highway Department.  Thus, we GRANT Plaintiff's Motion for Partial Summary Judgment as to those entities.  Additionally, Ms. Bader failed to address any reason or provide any evidence to demonstrate that Ms. Allen should be held at fault; thus, we also GRANT Plaintiff's Motion for Partial Summary Judgment as to Ms. Allen.

4

failed to present any admissible evidence to support her ICFA claim, he is entitled to partial summary judgment on her affirmative defense.  In response, Ms. Bader contends that her exhibits are self-authenticating documents that fall within the public records exception to hearsay and, as such, are admissible at the summary judgment stage.

Because the motion for summary judgment is intertwined with and largely dependent upon the motion to strike, the Court must necessarily rule on the motion to strike before it can address the summary judgment motion.  Therefore, we begin by addressing the merits of Mr. Hubbard's motion to strike.

## I.      Motion to Strike

On April 25, 2008, Mr. Hubbard moved to strike evidence that Ms. Bader designated as Exhibits B through G in her response to Plaintiff's motion for partial summary judgment.  These documents include: an April 19, 1995, INDOT memorandum (Exh. B); an April 20, 1999, letter from Certified Engineering, Inc. ("CEI"), to INDOT (Exh. C); a September 27, 2000, memorandum from CEI to INDOT (Exh. D); a July 12, 2001, INDOT memorandum (Exh. E); a November 18, 2004, letter from INDOT to Gohmann Asphalt and Construction, Inc. (Exh. F); and a May 25, 2005, newspaper article that appeared in The Washington County Edition (Exh. G).

Mr. Hubbard contends that these exhibits are inadmissible at the summary judgment stage because each of the documents: (1) contains hearsay; (2) does not fall under any hearsay exception; and (3) has not been attested to by way of a business

records affidavit, or any other type of affidavit, certifying that the document is what it purports to be.  Additionally, Mr. Hubbard argues that, although Ms. Bader attempts to admit these exhibits by way of her supplemental response to Plaintiff's Interrogatory No. 18, she cannot lay a foundation for any of the documents because she neither made the documents herself, nor acts as the business records custodian for any of the organizations that originally produced the documents.

Ms. Bader rejoins that Exhibits B through F are documents published by INDOT pursuant to Indiana law and, as such, are excepted from the hearsay rule as public records and reports,[3] pursuant to Rule 803(8) of the Federal Rules of Evidence.[4]  She further

---

[3] Ms. Bader initially contends that her documents containing hearsay can be considered at the summary judgment stage even if inadmissible in their current form as long as the statements could later be reduced to admissible evidence at trial.  See e.g., Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999) ("[Courts] may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form.") (internal citations omitted).  However, it is well-established in the Seventh Circuit that, in addressing a motion for summary judgment, "a court may consider any material *that would be admissible or usable at trial*, including properly authenticated and admissible documents or exhibits."  Smith v. City of Chicago, 242 F.3d 737, 741 (7th Cir. 2001) (internal citations omitted) (emphasis added).  Therefore, we proceed to determine the admissibility of Ms. Bader's proffered exhibits.

[4] Rule 803(8) provides:

*Public Records and Reports*.  Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

contends that all of these exhibits are self-authenticating either as domestic public documents under seal or official publications issued by public authority, pursuant to Federal Rules of Evidence 902(1) and 902(5).  With respect to Exhibit G (the newspaper article containing a report regarding the road work taking place at the intersection in question), Ms. Bader argues in the alternative that it either qualifies as a public report (given the duty imposed on INDOT to give the public notice about upcoming repair work), or is otherwise admissible because it deals with a fact of public nature, and is self-authenticating, pursuant to Federal Rule of Evidence 902(6).

To make a determination regarding the admissibility of Ms. Bader's exhibits, the Court must decide not only whether each document qualifies as a public record or report, but also whether each document has been properly authenticated.  See Article II Gun Shop, Inc. v. Gonzales, 441 F.3d 492, 496 (7th Cir. 2006) ("Public records and reports are admissible as an exception to the hearsay rule, once their authenticity is established."). Additionally, "[t]he requirement of authentication and identification also insures that evidence is trustworthy, which is especially important in analyzing hearsay issues. Indeed, these two evidentiary concepts often are considered together when determining the admissibility of exhibits or documents." Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 542 (D. Md. 2007) (citing WEINSTEIN'S FEDERAL EVIDENCE at § 901.02[2]).

The authentication requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Generally, "the proponent of the proffered evidence need only make a prima facie

showing that the exhibit is what the proponent claims it is." Schmutte v. Resort Condominiums Int'l, LLC, 2006 WL 3462656, at *14 (S.D. Ind. 2006) (McKinney, J.) (citing United States v. Kelly, 14 F.3d 1169, 1175 (7th Cir. 1994)).

Here, however, Ms. Bader has not yet made a prima facie case that Exhibits B through F[5] are what she claims them to be, as there is no accompanying affidavit from a records custodian or any other official from INDOT to verify and certify these documents. See Article II Gun Shop, 441 F.3d at 496 ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.") (quoting Scott v. Edinburg, 346 F.3d 752, 760 n.7 (7th Cir. 2003)). Thus, without more, the Court is unable to determine whether these documents are accurate and complete records promulgated by INDOT and when, if ever, they were in effect. However, because we believe that, under these circumstances, an adjudication on the merits is preferable to a ruling on technical grounds, we will provide Ms. Bader seven days from the date of this entry to supplement her submissions in order to properly authenticate Exhibits B through F.

---

[5] With reference to Exhibit G, Ms. Bader has failed to make a showing that the newspaper article published in The Washington County Edition qualifies as a public record or report, as she has not demonstrated that INDOT was involved in any way with the publication of the proffered article, nor does she contend that it qualifies under any other recognized hearsay exception. Therefore, although newspaper articles are usually self-authenticating, pursuant to Rule 902(6), Exhibit G is nevertheless inadmissible because it is not excepted from the rule against hearsay. Additionally, we are unpersuaded by Ms. Bader's argument that, even if Exhibit G does not qualify as a public record or report, the article is admissible because it deals with a fact of a public nature. Thus, we GRANT Mr. Hubbard's Motion to Strike Exhibit G.

**II.      Conclusion**

For the foregoing reasons, we <u>GRANT</u> Mr. Hubbard's Motion to Strike Exhibit G

and <u>GRANT IN PART</u> Mr. Hubbard's Motion for Partial Summary Judgment as to the

Washington County Highway Department, Ms. Allen, and Mr. Hubbard.  Further, we

shall <u>STAY</u> a ruling on Mr. Hubbard's Motion to Strike Exhibits B through F and Mr.

Hubbard's Motion for Partial Summary Judgment as to INDOT in order to provide Ms.

Bader the opportunity to properly authenticate her remaining proffered exhibits within

seven days.

IT IS SO ORDERED.


Date:      07/01/2008


SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:
Sandra L. Heeke
WARD TYLER SCOTT LLC
sheeke@wardtylerscott.com

Matthew Hunter Jones
BOEHL STOPHER & GRAVES
mjones@bsg-in.com

Christopher A. Meyer
ALLEN, ALLEN, ALLEN & ALLEN
chris.meyer@allenandallen.com

Frederick M. Reinecke
BOEHL STOPHER & GRAVES, LLP
reinecke@bsg-in.com

Marcus Steinmetz Sedwick
msedwick@sedwicklaw.com

Courtney A. Van Winkle
ALLEN, ALLEN, ALLEN & ALLEN
courtney.vanwinkle@allenandallen.com

Mary Jo Wetzel
KIGHTLINGER & GRAY, LLP
mwetzel@k-glaw.com