UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JOHN M. HUBBARD, )  Plaintiff, ) ) | | |
| vs. ) ) | | 4:07-cv-9-SEB-WGH |
| CAROL J. BADER, )  Defendant. ) | | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [Docket No. 34], filed on March 19, 2008, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, and Plaintiff's Motion to Strike Defendant's Exhibits B through F [Docket No. 46], filed on April 25, 2008. We previously addressed these motions in our entry [Docket No. 129], filed on July 1, 2008, in which we stayed a ruling in order to provide Defendant, Ms. Bader, with time to properly authenticate her proffered exhibits.[1]  Pursuant to that order, on July 7, 2008, Ms. Bader filed the Affidavit of Steve Clark, District Final Review for the Indiana Department of Transportation ("INDOT").  For the reasons detailed in this entry, we <u>DENY</u> Plaintiff's Motion to Strike Exhibits B through F and <u>DENY</u> Plaintiff's Motion for Partial Summary Judgment.

---

[1] In our prior entry, we granted Plaintiff's Motion to Strike Defendant's Exhibit G.  That decision remains unaffected by the analysis in this entry.

**Factual Background**[2]

On February 5, 2005, Mr. Hubbard was a passenger in a 2002 Ford Explorer operated by Brenda G. Allen. Ms. Allen was driving her motor vehicle eastbound on U.S. Highway 150 ("Highway 150"), in Washington County, Indiana. On that same day, Ms. Bader was operating a 1998 Toyota Camry southbound toward the intersection of West Washington School Road and Highway 150, in Washington County, Indiana. While Ms. Allen was proceeding eastbound on Highway 150 through the intersection at West Washington School Road, a collision occurred between her vehicle and the vehicle operated by Ms. Bader. Compl. ¶¶ 4-6. According to Mr. Hubbard, as a result of the accident, he suffered damages related to bodily injuries, pain and suffering, and medical expenses. Id. ¶ 9.

In her deposition, taken on October 5, 2007, Ms. Bader conceded that the cause of the collision was "partially [her] failure to yield." Bader Dep. at 33. However, she also attributed as a partial cause of the collision the condition of the road at the time of the accident. Id. In her response to Interrogatory Number 11 of Mr. Hubbard's First Set of Interrogatories, Ms. Bader stated that:

> **Interrogatory Number 11:** If you contend that any object or thing contributed in any way to the incident in question, state: a full description of each object or thing and explain in detail how each object or thing contributed to the incident.

---

[2] We originally discussed the facts underlying this dispute in our July 1, 2008, entry and reiterate them here to the extent that they are relevant to an understanding of the issues now before us.

> **Answer:** Highway 150 used to have a very bad dip in the road just west of where S.W. Washington School Road intersects Highway 150. It was extremely hard to see vehicles in that dip and there had been quire [sic] a few accidents at that location, per the officer that came to the scene and per the people that lived in front of where the accident occurred. A few months after the accident, the State did quite a bit of roadwork in that stretch of road. This work eliminated the blind spot in the dip, made a pull off lane on each side of the road – a little before the intersection and a little after the intersection.

Bader's Resp. to Interrog. No. 11.

On January 19, 2007, Mr. Hubbard filed his complaint in this action against Ms. Bader. On March 9, 2007, Ms. Bader filed her answer to the complaint in which she raises a "Second Defense" that names the Indiana Department of Transportation and the Washington County Highway Department as non-parties. Ans. at 2. As part of the summary judgment pleadings, Mr. Hubbard moved to strike Ms. Bader's exhibits filed in response to the motion for summary judgment and contends that he is entitled to partial summary judgment because Ms. Bader has failed to present any admissible evidence in support of her affirmative defense.

## Legal Analysis

### I. Standard of Review

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a

reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255. However, neither the "mere existence of some alleged factual dispute between the parties," id. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 692 (7th Cir. 2000).

     Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). Thus, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. See Shields Enter., Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his case, summary judgment is not only appropriate, but mandated. See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

     A motion for partial summary judgment as to an affirmative defense "presents a

relatively unusual twist on the summary judgment procedures that are the daily fare of the federal district courts." Holden v. Balko, 949 F. Supp. 704, 706 (S.D. Ind. 1996) (Hamilton, J.). Generally, when a defendant pleads an affirmative defense, including, as is the case here, an affirmative defense under the Indiana Comparative Fault Act, "the defendant asserts, in essence, that even if the material factual allegations in the complaint are true, the defendant intends to prove additional facts that will defeat or reduce the relief sought by the plaintiff." Id. (internal citations omitted). Therefore, for purposes of deciding this partial motion for summary judgment, "the court will assume (as the defendant[] assume[s] for purposes of pleading the defense) that plaintiff[] can prove the essential elements of [his] negligence claims against the defendant[]." Id.

## II.  Discussion

As discussed in our prior entry, Ms. Bader claims relief under the Indiana Comparative Fault Act ("ICFA"), Ind. Code § 34-51-2-1 *et seq*.,[3] alleging that the Indiana Department of Transportation ("INDOT") should be held partially at fault for the automobile accident which is the subject of this lawsuit. Ms. Bader contends that the intersection at which the accident occurred did not comply with the State of Indiana's standards at the time of the collision and that INDOT had been aware of visibility

---

[3] The ICFA provides that, "[i]n an action based on fault, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery except as provided in § 6 of this chapter." Ind. Code § 34-51-2-5.

problems associated with the intersection long before the February 5, 2005, accident at issue here. Thus, according to Ms. Bader, INDOT is partially at fault for the collision because it failed to correct the known visibility deficiencies until four months after the accident.

Mr. Hubbard has moved to strike documents designated Exhibits B through F that Ms. Bader filed in response to his summary judgment motion, arguing that they are inadmissible hearsay and thus cannot be relied upon to support Ms. Bader's affirmative defense. Further, Mr. Hubbard contends that, because Ms. Bader has failed to present any admissible evidence to support her ICFA claim, he is entitled to partial summary judgment. Ms. Bader rejoins that her exhibits have been properly authenticated and fall within the public records exception to hearsay, contained in Federal Rule of Evidence 803(8),[4] and, as such, are admissible at the summary judgment stage.

In our prior entry, we determined that Exhibits B through F were not properly authenticated, but stayed a ruling on Mr. Hubbard's motions in order to provide Ms. Bader with the opportunity to correct that deficiency in her proffered evidence. Pursuant

---

[4] Rule 803(8) provides:

*Public Records and Reports.* Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

6

to that ruling, Ms. Bader has now submitted the affidavit of Steve Clark, District Final Review for the Indiana Department of Transportation ("INDOT"), to authenticate Exhibits B through F. Thus, we turn to the merits of Mr. Hubbard's Motion to Strike.

### A. Motion to Strike

On April 25, 2008, Mr. Hubbard moved to strike evidence that Ms. Bader designated as Exhibits B through F in her response to Mr. Hubbard's motion for partial summary judgment. The documents at issue include: an April 19, 1995, INDOT memorandum (Exh. B); an April 20, 1999, letter from Certified Engineering, Inc. ("CEI"), to INDOT (Exh. C); a September 27, 2000, memorandum from CEI to INDOT (Exh. D); a July 12, 2001, INDOT memorandum (Exh. E); and a November 18, 2004, letter from INDOT to Gohmann Asphalt and Construction, Inc. (Exh. F).

It appears that there is no dispute between the parties that Exhibits B through F are the types of documents that, *if trustworthy and properly authenticated*, qualify as public reports and records so as to fall within the Rule 803(8) hearsay exception.[5] However, Mr.

---

[5] We agree. INDOT is an agency of the State of Indiana, established by Indiana Code Section 8-23-2-1 *et seq*. Among other duties, INDOT is responsible for "[t]he construction, reconstruction, improvement, maintenance, and repair of . . . state highways . . . ." Ind. Code § 8-23-2-4.1(4)(A). In order to fulfill its responsibilities, INDOT must implement policies, plans, and work programs that the department adopts. Ind. Code § 8-23-2-5(a)(2). Exhibits B through F are documents purporting to be INDOT records and reports relating to the safety assessment of the intersection of Highway 150 and West Washington School Road and proposed reconstruction plans to address visibility problems associated with the intersection. These documents are public records or reports of a public office or agency, which sets forth the activities of the office or agency and are, thus, the type of documents covered by Rule 803(8).

Hubbard argues that Exhibits B through F do not fall within the public records hearsay exception because, even though INDOT documents would be considered public records and reports, there are no indicia of trustworthiness associated with the documents proffered by Ms. Bader to demonstrate that those exhibits are, in fact, complete and accurate records of INDOT. In other words, Mr. Hubbard contends that the documents are not trustworthy because they have not been authenticated, and thus, the Court has no way of knowing that the documents are what Ms. Bader claims them to be.

The authentication requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). With respect to public records or reports, among other available methods, the authentication requirement can be satisfied by "[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept." Fed. R. Evid. 901(b)(7). Generally, "the proponent of the proffered evidence need only make a prima facie showing that the exhibit is what the proponent claims it is." Schmutte v. Resort Condominiums Int'l , LLC, 2006 WL 3462656, at *14 (S.D. Ind. 2006) (McKinney, J.) (citing United States v. Kelly, 14 F.3d 1169, 1175 (7th Cir. 1994)).

Through the submission of Mr. Clark's affidavit, Ms. Bader has now made such a showing. In his affidavit, Mr. Clark testifies that, as District Final Review for INDOT, he has personal knowledge regarding INDOT records, that Exhibits B through F are true and

accurate copies of INDOT records that were kept in the normal scope of business, and that said documents were made "at or near the time of the occurrence of the matters set forth by or from information transmitted by a person with knowledge of those matters." Clark Aff. ¶ 4. This testimony, from an INDOT official responsible for providing INDOT records, such as Exhibits B through F, to the public, is sufficient to authenticate the documents. See Article II Gun Shop, Inc. v. Gonzales, 441 F.3d 492, 496 (7th Cir. 2006) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.") (quoting Scott v. Edinburg, 346 F.3d 752, 760 n.7 (7th Cir. 2003)).

Thus, because Ms. Bader's Exhibits B through F fall within the Rule 803(8) exception to the hearsay rule and have now been properly authenticated, they are admissible both at the summary judgment stage and at trial. Accordingly, we DENY Mr. Hubbard's Motion to Strike Exhibits B through F.

### B.   Summary Judgment

As discussed above, Indiana's Comparative Fault Act allows defendants to assert a "nonparty defense," which means defendants may attempt to attribute fault to a nonparty rather than themselves. Ind. Code § 34-51-2-14. When a defendant asserts such a defense, a jury must decide the percentage of fault to be attributed to each party and nonparty. See Ind. Code § 34-51-2-7(b)(1). Under Indiana law, a nonparty is "a person

who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." Ind. Code § 34-6-2-88.  Because a nonparty is not legally liable to the plaintiff, a successful nonparty defense will reduce the plaintiff's potential award and the defendant's possible liability.  Gaerte v. Great Lakes Terminal & Transport Corp., 2007 WL 2349611, at *3 (N.D. Ind. 2007); see Holden v. Balko, 949 F. Supp. 704, 708 (S.D. Ind. 1996) (Hamilton, J.).  The defendant has the burden of proof of a nonparty defense, and must affirmatively plead the defense.  Moore v. General Motors Corp., 684 F. Supp. 220, 221 (S.D. Ind. 1988).  However, nothing in the ICFA "relieves the claimant of the burden of proving that fault on the part of the defendant or defendants caused, in whole or in part, the damages of the claimant."  Ind. Code § 34-4-33-10(b).

     Here, Ms. Bader has presented sufficient admissible evidence in support of her nonparty defense to survive summary judgment.  The documents presented by Ms. Bader in opposition to Mr. Hubbard's motion for partial summary judgment raise too many factual questions regarding exactly *what* INDOT knew about any possible dangers associated with the intersection of Highway 150 and West Washington School Road, *when* it had any such concrete information, and *whether* the condition of the road was, in fact, the proximate cause of the accident.  In particular, questions remain regarding the circumstances surrounding the actions taken by INDOT in response to the alleged visibility problem at the intersection in question, including the time frame within which INDOT addressed reconstruction of the intersection, that might bear on whether any fault

can be attributed to INDOT. Thus, Ms. Bader's nonparty defense cannot be dispensed of without the benefit of a trial. For the reasons detailed above, we <u>DENY</u> Plaintiff's Motion for Partial Summary Judgment.

### III. Conclusion

For the foregoing reasons, we <u>DENY</u> Mr. Hubbard's Motion to Strike Exhibits B through F. We also <u>DENY</u> Mr. Hubbard's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

Date: _____07/09/2008

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Sandra L. Heeke
WARD TYLER SCOTT LLC
sheeke@wardtylerscott.com

Matthew Hunter Jones
BOEHL STOPHER & GRAVES
mjones@bsg-in.com

Christopher A. Meyer
ALLEN, ALLEN, ALLEN & ALLEN
chris.meyer@allenandallen.com

Frederick M. Reinecke
BOEHL STOPHER & GRAVES, LLP
reinecke@bsg-in.com

Marcus Steinmetz Sedwick
msedwick@sedwicklaw.com

Courtney A. Van Winkle
ALLEN, ALLEN, ALLEN & ALLEN
courtney.vanwinkle@allenandallen.com

Mary Jo Wetzel
KIGHTLINGER & GRAY, LLP
mwetzel@k-glaw.com